# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LAKEISHA STONE,<br>Fed. Reg. No. 71240-019,<br><br>Movant,<br><br>v.<br><br>UNITED STATES,<br><br>Respondent. | MOTION TO VACATE<br>28 U.S.C. § 2255<br><br>CRIMINAL ACTION FILE<br>NO. 1:17-CR-417-MHC-JSA<br><br>CIVIL ACTION FILE<br>NO. 1:19-CV-3784-MHC-JSA |

## ORDER

**I.    BACKGROUND**

On November 28, 2017, Movant Lakeisha Stone was indicted on one count of conspiracy to commit wire fraud, ten counts of wire fraud, eleven counts of aggravated identity theft, and two counts of theft of government money. Indictment [Doc. 1]. In accordance with her plea of guilty [Doc. 41-1], Movant was convicted of one count of conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1343 and 1349, and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A. J. in a Criminal Case [Doc. 48]. She was sentenced on December 10, 2018, to a total of fifty (50) months imprisonment. Id.

On May 31, 2019, Movant, acting *pro se*, filed a Motion Requesting That Petitioner's Sentence Be Modified Pursuant to the Newly Enacted First Step Act of

2018 [Doc. 56]. In essence, Movant asked whether the provisions of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (the "First Step Act"), may apply to reduce her sentence so as to give her credit for a period when she was under home confinement as a part of the conditions of her release on bond while charges were pending against her prior to her sentence being imposed.

By order dated June 24, 2019, the Court clearly indicated that it would consider this as Movant's Motion for a Reduced Sentence pursuant to Section 404 of the First Step Act, even though the Clerk docketed Movant's motion as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. June 24, 2019, Order [Doc. 57] at 1. The Court then denied Movant's motion because Movant did not have a qualifying crack cocaine conviction, she was not convicted of a "covered offense" under the First Step Act. Id. at 2-3.

On July 18, 2019, Movant filed a Notice of Appeal of this Court's June 24, 2019, Order to the United States Court of Appeals for the Eleventh Circuit [Doc. 59]. Movant's appeal of this Court's June 24, 2019, Order to the Eleventh Circuit was dismissed on September 16, 2019, for want of prosecution. Entry of Dismissal, United States v. Lakeisha Stone, No. 19-12752-F (11th Cir. Sept. 16, 2019) [Doc. 65].

During the pendency of her appeal, Movant, again acting *pro se*, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, asserting that this Court improperly "construed" her prior motion as a § 2255 motion, "attempting to personally deprive movant of her right to file a § 2255 motion once she discovered she had been sentenced and being held in violation of the Constitution." Def.'s Motion to Vacate [Doc. 64] at 5. Movant also alleges that the Court violated her Sixth Amendment "right to impartiality," again by construing her prior First Step Act motion as a § 2255 motion. Id. at 6. Aside from her claims regarding the Court's June 24, 2019, Order denying her motion for a reduced sentence under the First Step Act, Movant also asserts that: (1) this Court committed plain error by adopting the pre-sentence investigation report's recommended increase in the base offense level for her leadership role in the offense; and (2) her counsel was ineffective by allowing the government to use information from her "proffer" and by failing to delay her sentencing until after the passage of the First Step Act. Id. at 8-9.

After receiving a response from the United States [Doc. 73] and no reply from Movant, the Magistrate Judge issued a Final Report and Recommendation ("R&R") recommending that Movant's Motion to Vacate be denied. R&R

[Doc. 76]. The Order for Service of the R&R [Doc. 77] provided notice that, in accordance with 28 U.S.C. § 636(b)(1), the parties were authorized to file objections within fourteen (14) days of the receipt of that Order. Movant has filed her objections to the R&R [Doc. 78] ("Movant's Objs.").

## II. LEGAL STANDARD

In reviewing a Magistrate Judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)). If there are no specific objections to factual findings made by the Magistrate Judge, there is no requirement that those findings be reviewed *de novo*. Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993) (citations omitted). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and may accept the recommendation if it is not clearly erroneous or contrary to the law. FED. R. CRIM. P. 59(a). In accordance

4

with 28 U.S.C. § 636(b)(1) and Rule 59 of the Federal Rules of Criminal Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Defendant objects and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

## III. DISCUSSION

First, Movant once again asserts that she is entitled to relief under the First Step Act and that her original motion was not addressed because it was improperly docketed as a § 2255 motion. Movant's Objs. at 7-8. As this Court stated in its June 24, 2019, Order, the Court in fact treated Movant's motion as one requesting a reduced sentence under the First Step Act and not as a § 2255 motion, regardless of how the Clerk docketed the motion. June 24, 2019, Order. Movant continues to ignore the fact that she does not qualify for a reduction of sentence under the First Step Act because she was not convicted of a "covered offense" (i.e., trafficking of crack cocaine) that would qualify for a reduction of sentence. Id. This was reiterated by the Magistrate Judge, who also concludes that the Movant may not utilize her § 2255 Motion to Vacate to challenge the denial of other collateral relief and any such challenge is procedurally barred because of the dismissal of her appeal of this Court's June 24, 2019, Order for want of prosecution. R&R at 6-9.

Second, Movant asserts, without specifically contesting the Magistrate Judge's findings, that her claim is not barred by the appeal waiver in this case, citing Roe v. Flores-Ortega, 528 U.S. 470 (2000). Movant's Objs. at 8. As stated by the Magistrate Judge, and as shown by the transcript of the plea hearing in this case, Movant's sworn testimony shows that the plea was knowing and voluntary, including Movant voluntarily waiving her right to appeal with limited exceptions. R&R at 11-15 (citing Tr. of Change of Plea Hr'g (Sept. 20, 2018) [Doc. 71]). Flores-Ortega concerned the framework for evaluating a claim of ineffective assistance of counsel for failing to file a notice of appeal when the defendant has not clearly conveyed his wishes one way or the other, and did not concern any appeal waiver. Flores-Ortega, 528 U.S. at 484 ("[W]e hold that when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to appeal."). In this case, Movant knowingly and voluntary gave up her right to collaterally attack her conviction and sentence in any postconviction proceeding, including motions filed pursuant to § 2255. Guilty Plea and Plea Agreement [Doc. 41-1] ¶ 30; Tr. of Change of Plea Hr'g at 23-24.

Third, while once again not specifically contesting the Magistrate Judge's findings and conclusions that she has not demonstrated that her counsel was ineffective, Movant contends that she has so demonstrated. Movant's Objs. at 8. This Court has reviewed the record *de novo* and agrees with the Magistrate Judge that Movant's attorney was not ineffective for any of the reasons expressed in her Motion to Vacate or otherwise: (1) Movant's attorney did not permit the Government to use information "against her" in violation of the proffer agreement; (2) Movant's attorney was not unreasonable by failing to seek a continuance of the sentencing hearing until after the First Step Act was enacted into law because, as previously discussed, the First Step Act does not apply to Movant; (3) rejecting the plea agreement would not have been rational given the evidence against Movant and the amount of prison time Movant would have faced had she been convicted after a trial. R&R at 19-25.

Finally, Movant asks this Court to reject the Magistrate Judge's recommendation that a certificate of appealability ("COA") be denied. However, given that Movant is not entitled to a sentence reduction under the First Step Act, the challenge to her sentence is precluded by the appeal waiver contained in her plea agreement, and she has not demonstrated the ineffectiveness of her counsel, the Court determines that a COA should not be granted.

## IV. CONCLUSION

Accordingly, after a *de novo* review of those portions of the R&R to which Defendant objects, the Court **OVERRULES** her objections [Doc. 78]. Finding no clear error in the remaining portions of the R&R, the Court **ADOPTS** the R&R [Doc. 76] as the Opinion and Order of the Court.

Accordingly, the Court **ADOPTS** the Final Report and Recommendation [Doc. 76] as the Opinion and Order of the Court. It is hereby **ORDERED** that Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. 64] is **DENIED**.

A certificate of appealability may issue only if the movant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, adopted by the Court, Movant has failed to make such a showing. Accordingly, it is further **ORDERED** that a Certificate of Appealability is **DENIED**.

**IT IS SO ORDERED** this 31st day of January, 2020.

*Mark H. Cohen*
MARK H. COHEN
United States District Judge